# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roy Montgomery,**
**Defendant Below, Petitioner**

**vs)  No. 14-0949** (Brooke County 09-C-208)

**Vince Bruno Construction, LLC,**
**Plaintiff Below, Respondent**

**FILED**

August 28, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Roy Montgomery, by counsel P. Zachary Stewart, appeals the Circuit Court of Brooke County's July 14, 2014, order denying his motion to set aside the arbitration award and granting respondent judgment. Respondent Vince Bruno Construction, LLC ("Vince Bruno"), appeared by counsel Thomas E. Buck, Bruce M. Clark, and Dean G. Makricostas.[1] Petitioner also filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

The parties entered into a construction agreement on May 18, 2007, for respondent to build a home for petitioner in Weirton, Brooke County, West Virginia at a price of $383,300. The agreement called for six draws of money to be made at certain intervals of demonstrated work, with the final draw set at $34,497 due after completion of the house. The parties agreed on a completion date of December 31, 2007, but the house was not completed by that time. On May 6, 2008, petitioner took possession of the house, though work was not complete. Respondent

---

[1] On January 5, 2015, respondent filed a motion for leave to file its brief out-of-time. This Court granted that motion by order entered on February 4, 2015. In that order, we stated that respondent may file an amended brief on or before March 5, 2015, due to its substantial reliance on a supplemental appendix, which was not made a part of the record. Respondent filed its brief on March 6, 2015, and petitioner, thereafter, submitted his motion to strike respondent's brief and request for sanctions. By order entered April 7, 2015, this Court entered an order striking respondent's brief. Respondent filed a motion for reconsideration of that order, and this Court denied that motion by order entered on May 12, 2015. Thus, respondent's brief was not considered in this memorandum decision.

1

occasionally returned to perform work, but work ceased on October 8, 2008, with numerous projects still unfinished.[2] The final draw was never paid.

Respondent filed a complaint in circuit court seeking to recover monies owed under the construction agreement and for overages. Petitioner filed a motion to dismiss, claiming that the construction agreement specified that any disputes arising under the construction agreement were required to be submitted to binding arbitration through the American Arbitration Association.[3] On February 24, 2010, respondent submitted the claim to arbitration. During the next twenty months, the parties were unsuccessful at completing arbitration. On October 11, 2011, respondent filed third-party claims against its subcontractors in circuit court.[4] One of those subcontractors, Able Concrete, Inc., filed its answer and cross-claims, asserting a claim for indemnity against petitioner.

On May 24, 2012, the circuit court ordered that the parties mediate the case, but petitioner refused to participate in mediation. On September 28, 2012, Able Concrete, Inc., dismissed its claim against petitioner. On November 7, 2012, the circuit court ordered the case to arbitration. The arbitration proceedings were held on July 23 and 24, 2013. On October 23, 2013, the Award of Arbitrator was entered, ruling in favor of respondent in the amount of $31,925.90 plus 8.5% interest dating back to May 6, 2008. Respondent was awarded payment of the final draw plus overages for bookcases, geothermal wiring, can lighting, a hot water tank, window extension jams, plywood, floor installation, foundation overage, and plumbing extras. However, petitioner was granted offsets for the delay in completion (ninety days at $100 per day), garage floor repair, repair to an exhaust fan, handrail replacement, and repairs to the cork flooring. The arbitrator did not rule on claims for damages relating to the failed retaining wall or the driveway, instead stating that all other claims were denied. Petitioner submitted a request for modification of award. On November 26, 2013, the modification of award was entered, resulting in a correction of the interest rate from 8.5% to 7% but denying petitioner's other requests.

On March 24, 2014, respondent filed a complaint to enforce the binding arbitration award in circuit court. On May 20, 2014, petitioner filed a motion to set aside the arbitration award. A short hearing was held on May 30, 2014, on both respondent's petition and petitioner's motion. The circuit court ruled that while there may be some mistakes in fact or law in the arbitrator's decision, the mistakes are not of a high enough standard that they shock the conscience. It also determined that there was no fraud in the arbitrator's decision. The circuit court denied petitioner's motion to set aside the arbitration award, and on July 14, 2014, entered its order

---

[2] It is not clear from the record before this Court why work ceased on this date.

[3] This action was filed pursuant to the Arbitration Act of 1923. The West Virginia Legislature recently passed the Revised Uniform Arbitration Act, which went into effect on July 1, 2015. W.Va. Code § 55-10-1 (2015). However, that act is not applicable to the instant matter.

[4] During the arbitration proceedings, respondent's expert, Lorey Caldwell, inspected petitioner's house. In his report, Mr. Caldwell noted that during the course of his inspection, he found some problems with the home but attributed those problems to the work of respondent's subcontractors. This prompted the addition of the subcontractors to the civil action.

2

denying petitioner's motion and granting respondent judgment against petitioner in the amount of $31,925.90 plus 7% interest dating back to May 6, 2008. Petitioner appeals from that order.

## Discussion

The United State Supreme Court has found that a court "decision confirming an arbitration award on the ground that the parties agreed to submit their dispute to arbitration, should proceed like review of any other district court decision finding an agreement between parties, *e.g.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*." *First Options of Chicago v. Kaplan*, 514 U.S. 938, 947-48 (1995). Further, that court has found that

> [a]bsent fraud by the parties or the arbitrator's dishonesty, reviewing courts in [arbitration matters] are not authorized to reconsider the merits of the award, since this would undermine the federal policy of privately settling labor disputes . . . . The parties having agreed to submit all questions of contract interpretation to the arbitrator, the reviewing court is confined to ascertaining whether the award draws its essence from the contract and does not simply reflect the arbitrator's own notions of industrial justice. As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the court cannot overturn his decision simply because it disagrees with his factual findings, contract interpretations, or choice of remedies.

*United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 30 (1987).

Similarly, "[i]t has long been the rule in this State that where parties have undertaken arbitration, their award is binding and may only be attacked in the courts on the basis of fraud or on those grounds set out in W.Va. Code, 55-10-4." *Clinton Water Ass'n v. Farmers Const. Co.*, 163 W.Va. 85, 87, 254 S.E.2d 692, 694 (1979). At all times relevant to this action, West Virginia Code § 55-10-4 stated as follows:

> No such award shall be set aside, except for errors apparent on its face, unless it appears to have been procured by corruption or other undue means, or by mistake, or that there was partiality or misbehavior in the arbitrators, or any of them, or that the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made. But this section shall not be construed to take away the power of courts of equity over awards.

On appeal, petitioner raises two assignments of error. First, he argues that the circuit court permitted the unreasonable delay of arbitration and resolution of this matter by respondent. He quotes language from the construction agreement regarding arbitration, arguing that respondent caused unnecessary delay by filing the action before the circuit court rather than immediately submitting the dispute to arbitration pursuant to that agreement. Petitioner also asserts that respondent further delayed the resolution of the matter by adding third parties to the civil action while the arbitration matter was pending. He contends that it was not until one of those third parties dismissed its claim against petitioner that the parties could again pursue

3

arbitration. Petitioner argues that the delays caused by respondent, and condoned by the circuit court, delayed resolution by approximately three to four years. He contends that, as a result, if this Court affirms the circuit court's order, he will pay an unjust and unwarranted three to four years of additional interest on the judgment.

Petitioner fails to cite any law to support his assertion that he should not be required to pay prejudgment interest from the date the cause of action accrued. West Virginia Code § 56-6-31 states that "[e]xcept where it is otherwise provided by law, every judgment or decree for the payment of money . . . entered by any court of this state shall bear interest from the date thereof . . . ." As we stated in syllabus point two of *Grove, By and Through Grove v. Myers*, 181 W.Va. 342, 382 S.E.2d 536 (1989), "prejudgment interest on special or liquidated damages is calculated from the date on which the cause of action accrued . . . ." The limited record before this Court is insufficient to determine the reasons for some of the delays and petitioner fails to address the same. For instance, petitioner states that respondent submitted the dispute to the American Arbitration Association on February 24, 2010, but that during the next twenty months, petitioner and respondent were unsuccessful at completing the arbitration proceedings. There are no references to the record to support that statement, and petitioner does not provide an explanation for the substantial delay by either party. Based on the limited record before this Court, we find that the circuit court did not err in concluding that the arbitrator's award of prejudgment interest was not based on fraud or any of the criteria set forth in West Virginia Code § 55-10-4.

Petitioner's second assignment of error is that the circuit court's ruling on whether the arbitration award should be set aside was clearly erroneous. Petitioner's three main arguments in his motion to set aside the arbitration award, filed before the circuit court, were the following: (1) the arbitrator's mistakes relating to the character of the parties and the source of the construction agreement tainted his determinations as to the claims presented; (2) the arbitrator so imperfectly executed his power that a mutual, final, and definite award was not made when the arbitrator decided not to rule on petitioner's counterclaims and his claim concerning the retaining wall; and (3) there was partiality toward respondent by the arbitrator by permitting respondent to present numerous documents and exhibits on the morning of the first day of the arbitration proceedings without permitting petitioner an opportunity to present documents or develop arguments to refute the same. Petitioner argues that the arbitrator failed to correctly interpret the construction agreement, citing issues with change orders and respondent's performance of the contract.

Under the Federal Arbitration Act, courts may vacate an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc.*, 514 U.S. at 942. The United States Supreme Court recently stated

> that convincing a court of an arbitrator's error -- even his grave error -- is not enough. So long as the arbitrator was "arguably construing" the contract -- which this one was -- a court may not correct his mistakes under § 10(a)(4). *Eastern Associated Coal,* 531 U.S. [57], at 62, 121 S.Ct. 462 (internal quotation marks omitted). The potential for those mistakes is the price of agreeing to arbitration. As we have held before, we hold again: "It is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because

4

their interpretation of the contract is different from his." *Enterprise Wheel,* 363 U.S. [593] at 599, 80 S.Ct. 1358. The arbitrator's construction holds, however good, bad, or ugly.

*Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2070-71 (2013).

In the instant case, this Court is hindered by the limited record before it. However, in the award of the arbitrator, the arbitrator noted that while petitioner claimed that respondent never submitted the final draw request, respondent testified that he did submit such request. The arbitrator found that respondent did submit such request. In its response to petitioner's motion to set aside the arbitration award filed before the circuit court, respondent stated that, pursuant to the arbitrator's order, the parties exchanged exhibit notebooks that contained all evidentiary exhibits they planned to use at the arbitration. Respondent claims it did not introduce any evidence at the arbitration that was not contained in the previously provided notebook. It also stated that every document in the notebook was provided in its discovery responses filed on August 22, 2011. Petitioner has not cited any contradictory evidence in the record. Issues regarding a flooring allowance are a dispute of fact, and the arbitrator made his determination. While petitioner argues that the arbitration award is wholly unwarranted by the evidence and that the award shocks the conscience, we cannot find, based on the record before this Court, that the circuit court erred in implicitly finding that the arbitration award was not erroneous on its face or that petitioner was not entitled to set aside that award pursuant to West Virginia Code § 55-10-4.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 28, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5